IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RICHARD KIRKLEWSKI,

                ORDER

      Plaintiff,

                10-cv-348-bbc

  v.

THE STATE OF WISCONSIN and
J.B. VAN HOLLEN,

      Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

   This is a proposed civil action. Plaintiff Richard Kirklewski has requested leave to proceed under the in forma pauperis statute, 28 U.S.C. §1915. From the affidavit of indigency accompanying plaintiff's proposed complaint, I conclude that plaintiff is unable to prepay the fees and costs of instituting this lawsuit.

   The next step is determining whether plaintiff's proposed action is frivolous or malicious, fails to state a claim on which relief may be granted or seeks money damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously. Haines v. Kerner, 404 U.S. 519, 521 (1972).

1

Plaintiff's complaint reads in its entirety as follows:

Lori Beauty, on the first Monday morning of Richard Kirklewski residency since 1991, orally exclaimed "Oh Shit", while Richard Kirklewski - richard Kirklewski enroute to rural postal receptacle within Richland County [Wisconsin].

Current "fear factor" incorporation of s. 813.125 and s. 940.32 [wis stats.] illegally supplants burdens of proof of intent as a predicate requirement of U.S. Constitution "Equal Protection" and "Due Process" clauses.

Plaintiff seeks the following relief:

Relegate their illegal state language to the appropriate U.S. Constitutional Officer for language revision.

Review interstate Lori and Steve Beauty with Linda Kalish injunctional pleadings as probable cause to perjury prosecutions(s)

Plaintiff's pleadings are virtually unintelligible. Further, he does not allege any actions by the named defendants State of Wisconsin and J.B. Van Hollen, the Attorney General of Wisconsin. It is appropriate to dismiss a complaint for lack of subject matter jurisdiction where, as here, the claims are "so insubstantial, implausible, foreclosed by prior decisions of [the United States Supreme Court], or otherwise completely devoid of merit as not to involve a federal controversy." Steel Company v. Citizens for a Better Environment, 118 S. Ct. 1003, 1010 (1998) (citing Oneida Indian Nation of N.Y. v. County of Oneida, 414 U.S. 661, 666 (1974)). Therefore, plaintiff will be denied permission to proceed with this lawsuit.

ORDER

IT IS ORDERED that plaintiff Richard Kirklewski's request for leave to proceed in forma pauperis is DENIED and this case is DISMISSED for lack of jurisdiction. The clerk of court is directed to close this case.

Entered this 6th day of July, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge